

Patrick E. Gibbs
T: +1 650 843 5535
pgibbs@cooley.com

VIA CM/ECF

January 23, 2026

The Honorable Noël Wise
United States District Court Northern District of California
Courtroom 3 – 5th Floor
280 South 1st Street, Room 2112,
San Jose, CA 95113

**Re: *Feldman v. Alto Neuroscience, Inc.*, Case No. 5:25-cv-06105 (NW)**

Dear Judge Wise:

We write on behalf of Defendants to notify the Court of significant issues relating to the Special Situations Funds' role as Lead Plaintiffs ("Plaintiffs"), and to request that the Court reevaluate whether Plaintiffs and their counsel should serve as lead plaintiffs and lead counsel in the above-captioned case.

Following vigorously-contested motion practice, the Court appointed Plaintiffs to lead this putative securities class action, and also appointed Plaintiffs' desired counsel at Rolnick Kramer Sadighi LLP as lead counsel ("Lead Counsel"), pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  (ECF No. 48.)  The Court then set a deadline for Plaintiffs to file an amended complaint of today, January 23, 2026.  (ECF No. 50.)

On January 21, 2026, at approximately 11:30 a.m. PST—in other words, two days before the deadline to file the amended complaint—Lead Counsel told Defendants' counsel that Plaintiffs no longer wished to serve as lead plaintiffs and that they intended to withdraw from this matter because of their ongoing relationship with Alto as current shareholders.  When asked further about the purported reason for the withdrawal, Lead Counsel was either unable or unwilling to explain what had changed since their clients had moved for appointment as lead plaintiffs in September 2025.  Lead Counsel further informed Defendants' Counsel that Lead Counsel had contacted counsel to Nathan Feldman and Eileen Beiter—who the Court had previously decided against appointing as lead plaintiffs—to solicit their substitution as lead plaintiffs in this action.  Defendants' Counsel objected to Lead Counsel potentially trying to represent those shareholders as substitute lead plaintiffs.

Defendants' counsel never heard back from Lead Counsel as to whether any other shareholders were willing to serve as substitute lead plaintiffs, or what conversations Lead Counsel had in that regard.  But less than 24 hours later, on January 22, 2026 (yesterday)—the day before the amended complaint deadline—Lead Counsel informed Defendants' Counsel that Plaintiffs had a "change of heart" and no longer intended to withdraw (despite still being Alto shareholders).  Lead Counsel then requested Defendants' consent to a one-week extension to file the amended complaint, stating that Plaintiffs now needed more time given their prior intent to withdraw.  Lead Counsel then declined to respond to multiple inquiries from Defendants' Counsel regarding the circumstances of Plaintiffs' "change of heart," beyond saying that the specific reason for the "change of heart" was irrelevant and that Plaintiffs "further considered and their

# Cooley

January 23, 2026
Page Two

intentions changed." Lead Counsel articulated no cause for the extension request other than Plaintiffs' equivocation.

We currently understand that Plaintiffs do intend to file an amended complaint today, but cannot be certain that Plaintiffs will not experience another "change of heart" and opt against it, or decide to withdraw during the course of dismissal briefing because of their concern over being a current Alto shareholder or for some other reason.

Plaintiffs' erratic behavior and self-professed unwillingness to serve as lead plaintiffs (as recently as two days ago) raise serious concerns regarding Plaintiffs' adequacy as class representatives. The Court has a duty to assess adequacy of lead plaintiffs at every stage of the litigation. *In re VeriSign, Inc. Sec. Litig.*, 2005 WL 7877645, at *8 (N.D. Cal. Jan. 13, 2005) (adequacy, which is "essential to meet due process standards, must be satisfied at all stages of a class action, because the final judgment in a class action is binding on all those whom the court determines are members of the class."); *In re Terayon Commc'ns Sys., Inc.*, 2004 WL 413277, at *7 (N.D. Cal. Feb. 23, 2004) (The Court "has a duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members," including at the lead plaintiff appointment stage). Indeed, a lead plaintiff's intent to withdraw is an admission that he is an inadequate class representative. *In re Nutanix, Inc. Sec. Litig.*, 2021 WL 783579, at *1 (N.D. Cal. Mar. 1, 2021) ("If Hedvat no longer wishes to serve as lead plaintiff, he cannot adequately represent the class's interests..."); *In re Snap Inc. Securities Litig.*, 394 F. Supp. 3d 1156, 1158 (C.D. Cal. 2019) (lead plaintiff's stated intent to withdraw constituted "an admission that he cannot adequately represent the putative class moving forward").

Defendants submit that, under these unusual circumstances, the Court should reevaluate whether the Special Situations Funds and Rolnick Kramer Sadighi LLP should serve as lead plaintiff and lead counsel moving forward. A declaration of an attorney for Defendants with personal knowledge of these circumstances is attached as Exhibit A. Defendants are available for and are willing to participate in whatever additional process the Court deems appropriate, including an evidentiary hearing.

Defendants, of course, reserve all rights regarding the above-described issues, and waive none.

Sincerely,

/s/ *Patrick E. Gibbs*

Patrick E. Gibbs