**Pages 1 - 13**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Noel Wise, Judge

NATHAN FELDMAN, et al.,          )
                                 )
           Plaintiffs,           )
                                 )
   VS.                           )      **NO. 5:25-CV-06105-NW**
                                 )
ALTO NEUROSCIENCE, INC., et      )
al.,                             )
                                 )
           Defendants.           )
                                 )

                            San Jose, California
                            Tuesday, February 3, 2026

         **TRANSCRIPT OF REMOTE ZOOM PROCEEDINGS**

**APPEARANCES VIA ZOOM:**

For Plaintiffs:
               ROLNICK KRAMER SADIGHI, LLP
               PENN 1, Suite 3401
               One Pennsylvania Plaza
               New York, NY 10119
          BY:  **LAWRENCE M. ROLNICK, ATTORNEY AT LAW**
               **RICHARD A. BODNAR, ATTORNEY AT LAW**

               ROLNICK KRAMER SADIGHI, LLP
               300 Executive Drive, Suite 275
               West Orange, NJ 07052
          BY:  **NICOLE CASTIGLIONE, ATTORNEY AT LAW**

               POMERANTZ, LLP
               600 Third Avenue, 20th Floor
               New York, NY 10016
          BY:  **J. ALEXANDER HOOD, II, ATTORNEY AT LAW**

 (Appearances continued on following page.)


REPORTED REMOTELY BY:  Stephen W. Franklin, RMR, CRR, CPE
                       Official United States Reporter

APPEARANCES (CONT.'D):

For Defendants:

> COOLEY, LLP
> 3175 Hanover Street
> Palo Alto, CA 94304
> **BY:  PATRICK E. GIBBS, ATTORNEY AT LAW**
> **BRETT DE JARNETTE, ATTORNEY AT LAW**
>
> COOLEY, LLP
> 110 North Wacker Drive, Suite 4200
> Chicago, IL 60606
> **BY:  JAMIE D. ROBERTSON, ATTORNEY AT LAW**
>
> COOLEY, LLP
> 55 Hudson Yards
> New York, NY 10001
> **BY:  SARAH M. LIGHTDALE, ATTORNEY AT LAW**

**Tuesday - February 3, 2026**                    **9:02 a.m.**

                    **P R O C E E D I N G S**

                         ---o0o---

        THE COURTROOM DEPUTY:  Now calling 25-CV-06105, Feldman v. Alto Neuroscience, Inc.  May I please have appearances beginning with the plaintiff.

        MR. ROLNICK:  Lawrence Rolnick on behalf of the plaintiff Special Situation Funds and the firm, Rolnick Kramer Sadighi.

        MR. BODNAR:  Richard Bodnar on behalf of Special Situations Funds with Mr. Rolnick.

        MS. CASTIGLIONE:  And Nicole Castiglione, as well, also of Rolnick Kramer Sadighi on behalf of the Special Situations Funds.

        THE COURT:  I want to keep going with everyone. There's a couple people I think are trying to talk who might be on mute.

        MR. GIBBS:  Should we proceed for the defense, Your Honor?

        THE COURT:  Yes.  I'm seeing one person's having a little difficulty.  Please go ahead.

        MR. GIBBS:  Sure.  Patrick Gibbs from Cooley for the defendants, and also on the line are my colleagues Brett De Jarnette, Sarah Lightdale and Jamie Robertson, all from Cooley.

        THE COURT:  Thank you.

And I know that Mr. Hood is here even though he's having difficulties.  Did I miss anyone?  Okay.  It looks like Mr. Hood may have dropped off.  Let me just give it a minute.

Is Mr. Hood the person who would be primarily speaking?

**MR. ROLNICK:**  I'm not sure.  On behalf of the plaintiffs I will be handling the argument.

**MR. HOOD:**  With apologies for interrupting, am I audible now, Your Honor?

**THE COURT:**  You are.

**MR. HOOD:**  Thank you.  Sorry for that.

**THE COURT:**  That's not a problem.

All right.  Well, I just heard the comment about somebody who would be primarily arguing.  And just to be clear, I set this essentially as a case management following the order that the Court issued, which followed a series of letters that the Court received from the parties, which I will say and the parties know, they're not in fact motions, so I don't have this set as a hearing on a motion, but I did want to try to nip this in the bud, as they say, and see if there was an issue that the Court needed to be concerned about at this point.

I've read everything that's been submitted in the letters, the response to the Court's order and then the case management statement that was filed.

So really what I'd like to know right now is if the parties met and conferred to see if they can resolve whatever

outstanding issue there is here, if in fact there is an outstanding issue.

**MR. ROLNICK:**  I mean, I'll speak for the plaintiffs. We have not spoken to the defendants about resolving the issue of whether or not we're adequate to continue as lead plaintiff and lead counsel.  I don't know that they actually have standing to discuss that issue with us, and as far as I've had no further discussions with anyone else since the letters were submitted to Your Honor.

**THE COURT:**  Anybody else want to offer anything else about this?

**MR. GIBBS:**  Your Honor, this is Patrick Gibbs from Cooley for the defendants. I would just point out that that is in some ways part of the problem here.  We were told a certain version of events that we thought raised serious questions about lead plaintiff's status.  We reached out to plaintiff's counsel about it in advance of filing our letter; we got no response.  We submitted our letter.  We heard nothing from plaintiff's counsel until they filed their letter a week later.  That was the very first time we ever heard the version of events that lead counsel is now relaying to the Court that would happen.  There was no effort in between those two things to call us to try to clear up a misunderstanding, to discuss where things should go from there.  They just filed the letter.

So that's where we are.

**THE COURT:**  Anybody else have anything they want to offer about this?

**MR. HOOD:**  Certainly, Your Honor.

I guess leaving aside the question of whether defendants have standing to contest the lead counsel lead plaintiff's adequacy at this stage, I do represent two other members of the class who did seek appointment for leadership here.  As members of the class, I would say that the explanations that the Court has received so far from the Special Situation Funds, their counsel, rather, are not terribly reassuring.  At the very least, this seems to involve a significant internal miscommunication, as well as serious difficulty in communicating with the clients or understanding their intentions at a critical juncture in the litigation.

So we appreciate the opportunity to be heard on this, as well, Your Honor.

**MR. ROLNICK:**  Yeah, just on, Your Honor, with all respect, I haven't addressed that underlying issue.  I think it would be odd to suggest that we should talk to -- I mean, the defendants plainly have no interest in advancing this claim on behalf of the class.  They have no interest in the prosecution of the claim.  So I don't know that talking to them would be that appropriate, but I'm happy to talk to -- I'm happy to go through the issues and to, I think, allay any -- I mean, I

would hope, I would try at least to allay any concerns that the Court might have.

This was plainly just a miscommunication that occurred by virtue of the fact that we were operating under a very compressed deadline over the holiday season.  We had given our client a detailed --

**THE COURT:**  Can you hear me?

**MR. ROLNICK:**  Yes.

**THE COURT:**  Okay.  I'm going to interrupt you for a minute.

I'm sorry if I either misspoke or was not as clear in terms of a meet and confer.  Well, normally when I think of a meet and confer I do think of plaintiffs and defendants and third parties, if there are.  In this instance the issue that has come up has come up between and amongst the various plaintiffs and the counsel, some of whom sought also to be considered lead counsel in this case.

My question in terms of a meet and confer was a meet and confer among all of you.  That was my inquiry.

**MR. ROLNICK:**  "All of you" being whom, Your Honor?

**THE COURT:**  The Court was in receipt of a number of letters that came from other counsel who also sought to have lead plaintiff and lead counsel here.  They expressed concerns in the letters that the Court has received, which is what spurred the Court to ask you to provide a response so I could

get a better understanding what was happening even though a motion has not been filed.

I do not intend to make a decision right now on the record that is before me for a couple of reasons:

One, the parties among the plaintiffs need to meet and confer to have a discussion to see if there is really an issue here.  There was clearly some sort of breakdown in communication, I'm concerned about that, but perhaps it is something that has either been resolved or can be resolved among you.  If it can, you can simply file a stipulation that says "we agree," or if nothing else, if that's a bridge too far, as they say, for the other plaintiffs, at least to inform the Court that there's nothing further that the plaintiffs, the other plaintiffs, intend to do about that at this time.

Alternatively if that does not resolve this issue, then what I would expect I would receive is something in the form of a motion.  I'm not sort of inviting the varieties of motions the Court might receive, but certainly that could be done, and maybe that's necessary here, but I don't have enough information, and it doesn't sound like the communication among you is such that you all are clear exactly what happened and why it happened and what, if anything, needs to be done about it.

So how long would it take for you to meet and confer to attempt to see if there's some further issue that needs to be

brought before the Court?

**MR. ROLNICK:** We're available this week to meet with Mr. Hood.

**MR. HOOD:** Likewise, Your Honor.  I'm available this week.

**THE COURT:** So is this a discussion that can take place before Friday of this week?

**MR. ROLNICK:** Certainly, Your Honor.

**MR. HOOD:** Yes, Your Honor.

**THE COURT:** Okay.  Then I'd ask you to do so and, again, jointly submit something to the Court just indicating whether you've reached a resolution or whether there's some, if there's a continuing disagreement about this, what you propose in terms of a process if you're asking the Court to reconsider or potentially do something different, and ...

**MR. GIBBS:** Your Honor, may I be heard briefly?

**THE COURT:** Yes.

**MR. GIBBS:** Patrick Gibbs again for the defendants.

Obviously we have no role if there's going to be a discussion between the plaintiffs' counsel about what to do on the plaintiff side of the case, I understand that.  However, I do think we have a legitimate interest in ensuring that the lead plaintiff and lead counsel appointment is appropriate, and we have a lot of questions about the submissions so far.  We don't think all the questions have been answered.  So I would

like an opportunity to meet and confer with plaintiffs' counsel separately to see if we can get some of our questions answered, and if they're not answered, we may very well seek to file something with the Court to ask for court action to address it. I just want to make sure we have that opportunity.

**THE COURT:** Okay.  I mean, of course counsel should always be in communication with each other about this.  I view this as sort of two separate but related communications.  The plaintiffs have some discussions to have that need to occur among themselves to see what their thoughts are about this.  I think you should be in communication with either or both of the, Mr. Rolnick, Mr. Hood, other folks that are participating in this.

Ideally everybody would sort of be on the same page about this in part because there's a schedule, right?  I mean, there are things that need to happen and unfold that impact everybody who's here in this litigation.  What your respective interests are might be different about it.  Certainly are, I suppose. But that communication should all be able to happen on the plaintiffs' side collectively and then with other further discussions that you may have.  I think all of that is reasonable to occur before this week is out.

Does that sound right to you?

**MR. ROLNICK:**  With all due respect, Your Honor, I don't know what legitimate interest the defendants have in

attempting to affect the plaintiffs' side representation and prosecution of the case.  Their interests are clearly adverse to the class and to the plaintiffs, and I don't think that -- I think the law is well established that they have no standing on this issue.  So I really don't think it's appropriate to involve them in these discussions at all.

**THE COURT:**  I hear you.

I think right now having a line of communication generally is a good idea.  It's a good idea in all cases.

The specific issue about who will ultimately serve, whether it's counsel that's there now, whether it's different counsel, whether it's interim counsel, that is a decision ultimately for the Court.  The Court has made one.  If the Court needs to make a different decision I will do so if something has been put before me if that comes to pass that that is necessary, but I think that it is wise at this juncture for parties to be able to communicate about whatever it is that happened here such that as this case progresses, whoever is sitting in that lead spot on behalf of the plaintiffs has a good communicative relationship with everyone involved, including the defendants, who ultimately are, you know, an important part of the case.

So again, I'm not ordering anything right now other than the parties to meet and confer and get back to me.  What you discuss, how you resolve it, that is up to you.  If there is

going to be a motion that is filed, I'd like to be put on notice of it and to be given a prospective schedule that you'd like to see about it.

Other than that, I don't have anything further today.  I don't want anybody to feel like they're put in a position where they have to argue about facts in the record that are not clearly before the Court about something that ultimately the Court might not need to resolve.

So does anybody have anything further for today?

**MR. GIBBS:**  Your Honor this is Patrick Gibbs from Cooley for the defendants.

I take it from your comments so far that we should proceed under the existing schedule unless and until something changes?

**THE COURT:**  Correct.

**MR. GIBBS:**  Okay.  I'll just express that I hope that whatever process is happening here happens quickly, because we're working very hard on a relatively brisk schedule heading towards the motion to dismiss, and hopefully this will be wrapped up well in advance of that.

**THE COURT:**  Agreed.  As I have indicated, whatever resolution or respective positions there are by the parties, if you can file something by close of business on Monday, that's the 9th, if you've got something before that because you communicated ahead of time, that's fine, but get something to me, and if it requires the Court to implement a schedule to

further address this issue, I'll do so then.

MR. GIBBS:  Thank you, Your Honor.

MR. ROLNICK:  Thank you, Your Honor.

THE COURT:  It was good seeing all of you.  I hope that you are able to reach a resolution and that the communication between all counsel is positive as this case proceeds.

All right.  With that I'm going to go off the record in this case and then switch over to the Keezio matter.

MR. ROLNICK:  Thank you, Your Honor.

MR. GIBBS:  Thank you, Your Honor.

MR. HOOD:  Thank you, Your Honor.

(Proceedings concluded at 9:19 p.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


DATE:   Saturday, February 7, 2026



_____
          Stephen W. Franklin, RMR, CRR
          Official Reporter, U.S. District Court